IN THE CIRCUIT COURT OF LEE COUNTY, MISSISSIPPI

USDC No. 1:21cv119-GHD-DAS

MARKAL AND STEPHANIE JONES                 PLAINTIFFS

VS.                        CIVIL ACTION NO. CV19-151(PF)L

CIXI JIANGNAN CHEMICAL FIBER CO., LTD,        DEFENDANTS
ZIM INTEGRATED SHIPPING SERVICES, LTD,
ZIM INTEGRATED SHIPPING SERVICES (CHINA) CO., LTD,
AND JOHN DOES 1 – 5

## COMPLAINT

COMES NOW the Plaintiffs, by and through counsel, and files this Complaint against the Defendants, and in support hereof would most respectfully show and state the following, to wit:

### PARTIES

1. The Plaintiffs Markal and Stephanie Jones are adult resident citizens of Shelby County, Tennessee.

2. Upon information and belief, the Defendant Cixi Jiangnan Chemical Fiber Co., Ltd. (hereinafter Cixi) is a non-resident, foreign corporation doing business in the State of Mississippi and may be served with process by serving an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.

3. Upon information and belief, the Defendants ZIM Integrated Shipping Services, Ltd. and ZIM Integrated Shipping Services (China) Co., Ltd. (hereinafter ZIM defendants) are non-resident, foreign corporations doing business in the State of Mississippi and may be served

FILED
TIME_____ AM/PM
DEC 3 0 2019
CAMILLE M. ROBERTS, CIRCUIT CLERK
_____ D.C.

1

with process by serving an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.

4. The Defendants John Doe 1-5 are individuals or entities whose true names and addresses are unknown to Plaintiffs at present, but who were employed by or were agents of Cixi or the ZIM Defendants during the time relevant hereto, and who received information and/or took action and/or failed to take action, all as set out herein, on behalf of Cixi or the ZIM Defendants in the course and scope of such employment. Further, Defendants John Doe 1-5 are any other corporations, persons, or entities who are or were liable for the events complained of or who the named defendants or any other John Doe contends is liable for all or any parts of the damages herein whose name or responsibility is currently unknown.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court pursuant to §9-7-81 of the Mississippi Code 1972, as amended, and Article 6 §156 of the Mississippi Constitution. Substantial acts or omissions and/or the damages upon which this action is brought occurred in Lee County, Mississippi, and therefore, venue is proper in this Court pursuant to §11-11-3 of the Mississippi Code 1972, as amended.

## FACTS

6. At all relevant times herein and specifically on January 2, 2017, the Plaintiff Markal Jones was employed by Transport Leasing, Inc. and operated a commercial tractor trailer as part of his normal job duties. On January 2, 2017, he was responsible for the pickup of the subject trailer at the yard in Memphis, TN and the ultimate delivery of the goods itemized in the Bill of Lading (attached as Exhibit "A" hereto) to their proper destination in Tupelo, Lee County,

Mississippi. According to the Bill of Lading, CIT Commercial Services had contracted with Defendant Cixi and/or the ZIM Defendants for the proper and safe transport and delivery of the goods referenced thereon. Markal Jones was a third-party beneficiary of said contract but was neither an employee or agent of the Defendants named herein.

7. Upon delivery of said goods to their proper destination in Tupelo, Lee County, Mississippi by Markal Jones, Mr. Jones opened the seal on the trailer door to prepare the trailer for unloading at which time the goods rushed from the trailer, fell onto him, trapped him underneath and caused him serious bodily injury. At no time relevant hereto, was Mr. Jones responsible for the proper loading of the goods being shipped.

8. At all relevant times, the Defendants were responsible for the proper loading, care and transport of the goods being shipped including properly and safely securing the goods inside the trailer that Markal Jones was transporting. The failure of the Defendants to adhere to these duties were the proximate cause of the injuries sustained by Markal Jones.

9. Defendants John Doe 1-5 may have been agents of and/or employees of Cixi or the ZIM Defendants. All knowledge and information of such agents and/or employees is imputed to Cixi or the ZIM Defendants. Cixi or the ZIM Defendants are vicariously liable for all actions and omissions of any such Defendants, agents and/or employees.

## CAUSES OF ACTION

### BREACH OF CONTRACT

10. The actions and omissions of all the Defendants as set forth above both individually and collectively constitute an intentional and malicious breach of the terms of the subject contract. As a third-party beneficiary of the contract, Markal Jones is entitled to recover his damages sustained as a result of the breach of the contract by the Defendants.

## NEGLIGENCE

11.  The actions and omissions of all of the Defendants as set forth above both individually and collectively constitute *res ipsa loquitur*, negligence, gross negligence and/or reckless disregard for the rights of the Plaintiffs.

## **DAMAGES**

12.  As a direct and proximate result of the negligence of the Defendants as set forth above, Plaintiffs have sustained the following injuries and damages:

(b) Physical injury to Markal Jones;

(c) Physical pain and suffering by Markal Jones;

(d) Medical and hospital bills incurred by Markal Jones;

(e) Mental anguish and emotional distress suffered by Markal Jones;

(f) Loss of enjoyment of life suffered by Markal Jones;

(g) Loss of earnings and wage earning capacity suffered by Markal Jones;

(h) Loss of society, companionship and consortium by Stephanie Jones;

(i) All additional non-economic and economic damages which are recoverable as a result of the causes of action set forth above.

WHEREFORE, the Plaintiff demands judgment of and from the Defendants, jointly and severally, for actual damages in an amount in excess of the jurisdictional minimum of this Court, together with a reasonable attorney's fee and expenses of litigation. The Plaintiff requests a trial by jury before this Court on all matters set forth herein.

Respectfully Submitted,

LAMAR & HANNAFORD, P.A.
John T. Lamar, Jr. (MSB# 1781)
John T. Lamar, III (MSB# 102494)
Taylor A. Heck (MSB# 102833)
214 South Ward Street
Senatobia, MS 38668
Telephone: (662) 562-6537
Facsimile: (662) 562-4858

BY: _____
JOHN T. LAMAR, III
Attorneys for Plaintiff

FILED
TIME _____ AM/PM
DEC 3 0 2019
CAROLYN ROBERTS, CIRCUIT CLERK
_____ D.C.

5