IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MARKAL AND STEPHANIE JONES                                    PLAINTIFFS

v.                                      CIVIL ACTION NO.: 1:21-cv-00119-GHD-DAS

CIXI JIANGNAN CHEMICAL FIBER CO., LTD.
ZIM INTEGRATED SHIPPING SERVICES; ET AL.                      DEFENDANTS

### ENTRY OF DEFAULT AS TO DEFENDANT CIXI JIANGNAN CHEMICAL FIBER CO., LTD

The Plaintiffs filed this case seeking damages from the Defendants for breach of contract and negligence related to injuries the Plaintiff Markal Jones alleges he suffered while attempting to unload goods from a commercial tractor trailer. According to the allegations in the Plaintiffs' Complaint [2], Defendant Cixi Jiangnan Chemical Fiber Co., LTD ("Cixi") is a Chinese corporation with its principal place of business in China that does business in the State of Mississippi. The Plaintiffs have made several attempts, beginning in 2021, to serve Cixi with process pursuant to the Federal Rules of Civil Procedure and the Hague Convention [33]. These attempts at service have been unsuccessful.

The Plaintiffs now seek a default judgment against Cixi because all reasonable attempts at service have been made and all of the requirements of Article 15 of the Hague Convention have been met. [33]. The pleadings in this case were transmitted by international courier by a method provided for in the Convention, more than six months have elapsed, no certificate has been received, and it appears from the record that every reasonable effort to obtain such a certificate has been made [33].

The Court agrees, in part, with the Plaintiffs' request. Insofar as an entry of default is requested, the Court agrees, and an entry of default shall be entered this date against Cixi. As for

a default judgment, however, a default judgment will not be entered at this juncture because "when default is entered against one defendant in a multi-defendant case, a court may prefer to withhold granting a default judgment until a decision on the merits against the remaining defendants has been entered." *Allstate Prop. v. Donald*, No. 1:17CV2-HSO-JCG, 2017 WL 5653874, at *2 (S.D. Miss. Mar. 16, 2017); *Raleigh Cycle Co. of Am. v. Risha*, No. H-84-522, 1987 WL 11889, at *1 (S.D. Tex. May 27, 1987) (holding that when "one of multiple defendants is in default, as a general rule, a decree of default may be entered, but a judgment is withheld pending a decision on the merits as to the other defendants.") (citing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 554 (1872)). In *Frow*, the Supreme Court stated that:

> where a [complaint] makes a joint charge against several defendants, and one of them makes default, [a court] is simply to enter a default ... and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike–the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all.

82 U.S. (15 Wall.) at 554; *Grimball v. New Orleans City*, No. 10-3657, 2012 WL 3027921, at *2 (E.D. La. July 24, 2012) (applying *Frow* to avoid the possibility of inconsistent judgments); *American S. Ins. Co. v. Buckley*, No. 1:09-CV-723, 2010 WL 5654105, at *3-5 (E.D. Tex. Dec. 28, 2010), *adopted by* 2011 WL 288604 (Jan. 27, 2011) (same).

The Court agrees with this reasoning, particularly given that the Plaintiffs' complaint seeks joint and several liability and it asserts the same claims against all Defendants, including Zim Integrated Shipping Services, LTD ("Zim Integrated"), and Zim Integrated has been served, filed an Answer, and is actively defending the Plaintiffs' claims against it. [10]. Thus, in order to avoid potentially inconsistent judgments, the Court shall defer entering a default judgment against Cixi

2

pending the outcome of the Plaintiffs' claims against the remaining Defendants.

For all of these reasons, the Court hereby ORDERS that the Plaintiffs' motion for default judgment [33] is GRANTED IN PART and DENIED IN PART; the Court hereby makes an ENTRY OF DEFAULT against Defendant Cixi Jiangnan Chemical Fiber Co., LTD; the Plaintiffs' request for a default judgment against Cixi, however, is DENIED WITHOUT PREJUDICE at the present juncture, with leave being granted to the Plaintiffs to reassert their request once the remaining claims in this matter have been adjudicated.

SO ORDERED, this, 12 day of September, 2023.

_____
SENIOR U.S. DISTRICT JUDGE