IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MARKAL AND STEPHANIE JONES                                             PLAINTIFFS

v.                                             CIVIL ACTION NO.: 1:21-cv-00119-GHD-DAS

CIXI JIANGNAN CHEMICAL FIBER CO., LTD.
ZIM INTEGRATED SHIPPING SERVICES; ET AL.                               DEFENDANTS

## ORDER GRANTING DEFERRED MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT CIXI JIANGNAN CHEMICAL FIBER CO., LTD

The Plaintiffs filed this case seeking damages from the Defendants for breach of contract and negligence related to injuries the Plaintiff Markal Jones alleges he suffered while attempting to unload goods from a commercial tractor trailer. According to the allegations in the Plaintiffs' Complaint [2], Defendant Cixi Jiangnan Chemical Fiber Co., LTD ("Cixi") is a Chinese corporation with its principal place of business in China that does business in the State of Mississippi. The Plaintiffs have made several attempts, beginning in 2021, to serve Cixi with process pursuant to the Federal Rules of Civil Procedure and the Hague Convention [33]. These attempts at service have been unsuccessful.

The Plaintiffs have sought a default judgment against Cixi because all reasonable attempts at service have been made and all of the requirements of Article 15 of the Hague Convention have been met. [33]. The pleadings in this case were transmitted by international courier by a method provided for in the Convention, more than six months have elapsed, no certificate has been received, and it appears from the record that every reasonable effort to obtain such a certificate has been made [33].

On September 13, 2023, the Court made an entry of default against Cixi [34], but deferred entering a default judgment against Cixi given that two other Defendants were then present in the

case[1] and "when default is entered against one defendant in a multi-defendant case, a court may prefer to withhold granting a default judgment until a decision on the merits against the remaining defendants has been entered." *Allstate Prop. v. Donald*, No. 1:17CV2-HSO-JCG, 2017 WL 5653874, at *2 (S.D. Miss. Mar. 16, 2017); *Raleigh Cycle Co. of Am. v. Risha*, No. H-84-522, 1987 WL 11889, at *1 (S.D. Tex. May 27, 1987) (holding that when "one of multiple defendants is in default, as a general rule, a decree of default may be entered, but a judgment is withheld pending a decision on the merits as to the other defendants.") (citing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 554 (1872)).

Now, however, the Plaintiffs' claims against the other two original Defendants, Zim Integrated and Zim China, have been resolved [40]. Accordingly, the Court proceeds to consider the Plaintiffs' motion for default judgment against Cixi.

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions upon which default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R. Civ. P. 55. "The Fifth Circuit requires a three-step process for securing a default judgment." *Chevron Intell. Prop., L.L.C. v. Mashiana*, No. 4:10–CV–352, 2011 WL 2637372, at *1 (E.D. Tex. June 10, 2011) (citing *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir.1996)). A default occurs when the defendant fails to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. *Id.* (citing Fed. R. Civ. P. 55(a); *New York Life Ins.*, 84 F.3d at 141). The clerk may then enter an entry of default when default is established by affidavit. *Id.* (*citing* Fed. R. Civ. P. 55(a); *New York Life Ins.*, 84 F.3d at 141). After an entry of default, the plaintiff may seek a default judgment. *Id.* (*citing* Fed. R. Civ. P.

---

[1] The other two Defendants in the case were Zim Integrated Shipping Services, LTD ("Zim Integrated") and Zim Integrated Shipping Services (China) Co., LTD ("Zim China"). Both of these Defendants have now been dismissed [40].

55(b)). The Plaintiffs have satisfied these requirements in relation to the Defendant Cixi.

A separate hearing must be held to determine the amount of damages as to which the Defendant Cixi is liable to the Plaintiffs. Fed. R. Civ. P. 55(b). At the hearing, the Plaintiffs will be permitted to present evidence regarding the damages they allege they suffered as to which Cixi is liable. *See* Fed. R. Civ. P. 55(b)(2).

THEREFORE, it is hereby ORDERED that the Plaintiffs' Deferred Motion for Default Judgment against the Defendant Cixi Jiangnan Chemical Fiber Co., LTD [33] is GRANTED. The Court will defer entering a final judgment until the Court receives and considers the Plaintiffs' evidence on damages against Cixi at an evidentiary hearing. The Court will issue a Notice setting a hearing date in the near future.

SO ORDERED, this 28 day of May, 2024.

_____
SENIOR U.S. DISTRICT JUDGE